UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNETTE D. TRIPLET                              CIVIL ACTION

VS.                                             NO.  2:15-cv- 975

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY

## COMPLAINT

The Complaint of Annette D. Triplet respectfully alleges:

1.  This is a claim for disability benefits.

2.  This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3.  Plaintiff, **Annette D. Triplet**, of lawful age and a resident of Minden, Louisiana is a plan participant and beneficiary of a group disability plan created by her employer, Louisiana State University System, and an insured participant of a group disability policy issued by Hartford Life and Accident Insurance Company.

4.  Defendant, **Hartford Life & Accident Insurance Company** ("Hartford")**,** is a foreign corporation, residing in Hartford, Connecticut authorized and doing business in Louisiana.

5.  Hartford issued a group policy, No. 83116904, insuring the employees of Louisiana State University System. The Plan granted the administrator, Hartford, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

6.  The policy is part of a non-ERISA plan, as Louisiana State University System is a governmental entity and therefore exempt from ERISA under 29 U.S.C. Sec. 1003.

7. Plaintiff is disabled under the terms of the Hartford insurance policy and has provided Defendant with ample medical documentation and other evidence supporting her claim for disability benefits. Plaintiff also provided Hartford with ample payroll information demonstrating that Hartford had incorrectly calculated her disability benefits.

8. Plaintiff suffers from several medical ailments that prevent her from working, including, without limitation, excruciating back pain, degenerative disk disease, bulging disk, migraine headaches, fibromyalgia, irregular heartbeat, stroke, diabetes and lung disease.

9. Plaintiff filed a claim for disability benefits with Hartford because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

10. Plaintiff is disabled under the terms of the disability policy issued by Hartford.

11. Hartford unlawfully denied Plaintiff benefits she is entitled to under terms of the Hartford disability policy.

12. The Social Security Administration has determined that Plaintiff is disabled and unable to perform *any* occupation.

13. Hartford received satisfactory proof of loss that fully apprised Defendant of Plaintiff's claim.

14. Hartford has, without good reason or cause, denied the claim for benefits despite receipt of overwhelming proof of her claim for disability benefits.

15. Hartford refused to promptly and fairly adjust and pay this claim. Plaintiff therefore seeks penalties against Hartford under the Louisiana Insurance Code, including, but not limited to, LA 22:658, LA RS 22:1892, LA RS 22:1821.

16. A reasonable and prudent businessman would have paid Plaintiff's claim after receiving the Proof of Loss Plaintiff provided to Hartford.

17. Hartford's failure to pay this claim was arbitrary and capricious, without good cause, and made in bad faith.

18. Despite receiving proof of loss, Defendant did not pay the claim within the 30-day period period prescribed in the Louisiana Insurance Code.

19. Hartford's denial of this claim has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety, as without her disability income from Hartford she has been unable to pay for her continuing medical expenses and living expenses.

20. Hartford breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to her after receiving proof of loss.  Further, Hartford's denial letters constitute an express repudiation and anticipatory breach of Hartford's future obligations to pay benefits to Plaintiff under the Policy, thus making all such obligations now due and owing.

21. Harford mischaracterized the legal standards governing the Policy by falsely suggesting that Plaintiff's benefits claim was subject to ERISA.

22. Hartford failed to provide requested information to Plaintiff and to her attorney, such as a complete copy of Hartford's claim file.

23. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

24. As a result of Hartford's conduct as alleged herein, Plaintiff suffers severe emotional distress.

25. Plaintiff appealed the denial, providing additional, overwhelming evidence supporting her entitlement to continuing disability benefits.  Hartford has failed to reverse its decision and has failed to recalculate Plaintiff's disability benefits after receiving notice that it had incorrectly calculated her benefits.

26. Hartford's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

27. Hartford has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

28. Hartford has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

29. Hartford has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of her occupation or in the actual duties of suitable alternative occupations.

30. Hartford administered Plaintiff's claim with an inherent and structural conflict of interest as Hartford is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Hartford's assets.

31. Hartford has failed to give the policy and Plan a uniform construction and interpretation.

32. Hartford chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

33. As a routine business practice, Hartford uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

34. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

35. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

36. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For damages, including past and future disability benefits under policy terms, plus interest.

2. For penalties under the Louisiana Insurance Code, including, but not limited to LA RS LA 22:658, LA RS 22:1892, LA RS 22:1821;

3. For damages for the physical and emotional distress Hartford caused to Plaintiff;

4. For all reasonable attorney fees and court cost;

5. For trial by jury; and

6. For all other relief as the facts and lay may provide.

Respectfully submitted,

/s/ Reagan L. Toledano
Willeford & Toledano
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
Shane Pendley (La. 34023)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com